IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMIR HABEEB,

    Petitioner,                    No. 2:13-cv-1162 GGH P

    vs.

F. FOULK, Warden,

    Respondent.                ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, has purported to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

       Because the bulk of this case pertains to civil rights violations under 42 U.S.C. § 1983 rather than the legality or duration of petitioner's sentence, petitioner is advised that he will have to file another action pertaining only to his civil rights claims, and he will incur a separate filing fee in the amount of $350.

/////

1

Petitioner alleges four grounds of relief: (1) that he was "arbitrarily sent to HDSP-III from SAT-F as reprisal for utilizing 602 process;" (2) "arbitrary use of CDCR-115s to extend inmate[']s release date, usurp property to subject to cruel and unusual punishment;" (3) cruel and unusual punishment in the form of illegal confiscation of appliances, illegal placement on C-status disciplinary detention for ninety days; and (4) "sexual abuse via arbitrary search/seizure." Petitioner seeks "compensatory, punitive, injunctive, and declaratory damages in the amount of 250k." (Doc. no. 1 at 7.)

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam). Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. Id. at 750-51. See also, Ross v. Woodford, 2007 WL 1589544 (E.D. Cal. June 1, 2007) (petitioner challenging CDCR classification system who maintains his classification history entitles him to be transferred from a Level IV to Level III custody prison challenges the conditions of his confinement is not entitled to a writ of habeas corpus and may only proceed by way of 42 U.S.C. § 1983); Boyd v. Uribe, 2010 WL 3169586 (S.D. Cal. June 8. 2010) (petitioner's challenge to his reclassification from custody Level II to Level III does not implicate the legality or duration of his state court conviction and does not state a valid claim pursuant to 28 U.S.C. § 2254)[1]; Chaney v. Kramer, 2010 WL 2991515 (N.D. Cal. July 28, 2010)

---

[1] This report and recommendation was adopted by order filed on August 11, 2010, see 2010 WL 3169584 (S.D. Cal. 2010).

(dismissing petitioner's claim that prison classification committee elevated his prison placement score improperly placing him in a Level III facility and seeking a decrease in placement score because this claim does not thereby frame a claim affecting the fact or duration of imprisonment).

Here, the only portion of the petition which might pertain to the validity or duration of petitioner's confinement is found in ground 3 which alleges that petitioner was assessed thirty, sixty or ninety days credit loss, which extended petitioner's release date. (Doc. no. 1 at 8, 13.)

Therefore, the petition will be dismissed but petitioner will be granted leave to file an amended petition containing only claims pertaining to the validity or during of petitioner's conviction, i.e. the allegation of credit loss which extended petitioner's release date. Furthermore, the amended petition should list the name of the court that entered the judgment of conviction. Here, petitioner has named the San Bernardino County Court which is in the Central District of California. If he challenges a conviction arising out of a disciplinary at High Desert State Prison, he must list the court entering the conviction there, i.e. Lassen County Superior Court.

Petitioner may separately file a civil rights complaint which contains the bulk of the claims raised herein, but he must file a new and separate action. If petitioner, as plaintiff, chooses to file a civil rights complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

It is difficult to determine which, if any, of plaintiff's civil rights claims seeking money damages may be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Therefore, the following information is provided so that plaintiff may be guided appropriately when amending his complaint. In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

If plaintiff chooses to file a separate civil rights action, he is advised that Heck may prevent claims from going forward if they are based on a disciplinary conviction that has not been overturned.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended filing complete. Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original. See Loux v. Rhay, 375 F.2d 55, 57

(9th Cir. 1967).  Once plaintiff files an amended pleading, the original pleading no longer serves any function in the case.  Therefore, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. The petition is dismissed with leave to file an amended petition within twenty-eight days of this order; failure to file an amended petition will result in a recommendation that this action be dismissed;

3. In addition, to the extent that plaintiff filed a civil rights action in this habeas petition, his claims under 42 U.S.C. § 1983 are dismissed and in order to proceed petitioner must file a new and separate action; and

4. The Clerk of the Court is directed to provide petitioner, with a form for filing a habeas corpus petition as used in this district.

DATED: June 21, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076
Habe1162.amd.wpd