UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMIR HABEEB,

        Petitioner,

   v.

F. FOULK,

        Respondent.

No.  2:13-cv-1162 GGH P

ORDER

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 10, 2013, petitioner consented to the jurisdiction of the undersigned.  By order of June 21, 2013, the petition was dismissed and petitioner was directed to file an amended petition.  Petitioner has filed two documents, an "addendum" to his petition, adding a third ground for relief, filed June 28, 2013,[1] and a "memorandum of law," filed July 19, 2013, which appears to be an amended petition.  In that filing, petitioner also requests an order to show cause, an evidentiary hearing, and injunctive relief.

The filing of June 28, 2013 (ECF No. 7) contains only one ground for relief, is not a complete petition, was most likely not filed in response to the court's order to amend, and therefore will not be considered.

---

[1]  This addendum was signed on June 24, 2013, and may have crossed in the mail with the order requiring an amended petition.

1

The filing of July 19, 2013 will be construed as an amended petition. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition is dismissed without prejudice.[3]

As plaintiff was advised in the previous order, many of his complaints sound in civil rights and must be brought as a separate civil rights complaint.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California;

2. Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust state remedies.

Dated: October 02, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).